JANUARY TERM, 1882, No. 39.          APRIL 19TH, 1882.

# Appeal of A. G. Croll.

1. A petition for viewers, filed October 16th, 1879, set forth that a public road or street, laid out in the borough of Norristown, "has within one year last past been opened through the said lands and premises of the petitioner, creating a high embankment, obstructing ingress and egress to and from his house, situated upon the premises and lands of the petitioner." *Held*, that the petition disclosed that the petitioner was seeking to recover consequential damages.

2. The remedy of the petitioner was not in the Quarter Sessions but in the Court of Common Pleas, under the Act of May 24th, 1878, P. L., 129.

Before SHARSWOOD, C. J.; GORDON, TRUNKEY, STERRETT, and GREEN, JJ. MERCUR and PAXSON, JJ., absent.

*Certiorari sur* appeal by A. G. Croll from the decree of the Court of Quarter Sessions of *Montgomery County*, sustaining exceptions to the report of a jury of viewers.

The petition of A. G. Croll was presented to the Court below, October 16th, 1879, setting forth: "That a public road or street, called Elm Street, has been laid out in the borough of Norristown, in said county, on and along the lands and premises of the petitioner, on the southwest side of said Elm Street, two hundred feet northwesterly from Cherry Street, in the Second Ward of said borough of Norristown, and has within one year last past been opened through the said lands and premises of the petitioner, creating a high embankment, obstructing ingress and egress to and from his house, situated upon the premises and lands of the petitioner, and therefore and thereby he has sustained heavy loss and damage," and asking for the appointment of viewers.

The Court appointed a jury of viewers, who reported, *inter alia*, that "having taken into consideration the advantages derived from said road or street being opened through the land of said Albert G. Croll, and the embankments created thereby, (we) do assess the damages sustained by the said Albert G. Croll at $600."

The county commissioners filed the following exceptions to this report:

Exception First. The exceptants except to the petition, the appointment of the jury, and all proceedings under the petition as illegal and void.

Second. The assessment of damages to the petitioner as returned by the jury is excessive and outrageous.

Third. The county had no notice of the appointment of the jurors, and therefore no opportunity to challenge.

Fourth. The county of Montgomery is not liable to pay

[Appeal of A. G. Croll.]

damages for filling up a street by the borough of Norristown after it had been laid out and opened for twenty years.

Fifth. The county of Montgomery is not liable for the damages sustained by changing the grade of street by the borough council of Norristown.

The Court below, Ross, P. J., sustained the exceptions and dismissed the proceedings, saying:

"All these petitions disclose that the petitioners are seeking consequential damages. The date of their applications discloses that they should be in the Common Pleas, if they have rights at all, under the Act of May 24th, 1878."

The petitioner then appealed, assigning as errors that the Court erred in sustaining the exceptions and dismissing the proceedings, in holding that the damages assessed to the petitioner were consequential damages, and not sustaining the petition and report.

*George N. Corson*, for the appellant.

The proceedings are under the Act of 1853, P. L., 230, section 3.

The damages we are seeking, while of course they happen as a consequence of the opening of the street, are in no technical sense "consequential damages," but direct damages done by the opening of a street, and grading it to such a height that the road-bed is above the topmost story of the house.

*Aaron S. Schwartz* and *H. B. Dickinson*, for the defendants in error.

The damages were consequential: Henry *v.* Bridge Co., 8 W. & S., 85. The Act of May 24th, 1878, provides a remedy.

It is found by the exceptions and the decision of the Court that this was no widening but the alteration of a grade.

The county is not liable for the grading down of a street or the filling up of a road-bed: O'Connor *v.* Pittsburgh, 18 Pa. St. R., 187; Henry *v.* Bridge Co., 8 W. & S., 85; Monongahela Nav. Co. *v.* Coons, 6 W. & S., 101.

Nor does the Constitution of 1874 alter the law, for the 8th section of Article XVI. of the Constitution does not apply to counties. Judge Elwell, in the case of Freeze *v.* County of Columbia, Weekly Notes, vol. vi., 145, demonstrates that counties are not municipalities covered by said section.

MAY 1ST, 1882.—PER CURIAM: The petition disclosed that the petitioner was seeking to recover consequential damages.

It is clear that the remedy of the petitioner is in the Court of Common Pleas, under the Act of May 24th, 1878, P. L., 129.

Proceedings affirmed.

---

JANUARY TERM, 1882, No. 307.   APRIL 18TH, 1882.

# Dewees's Appeal.

1. An assignor of property for the benefit of creditors has no right of appeal from the distribution because of the disallowance by the Court below of the claim of a third party, which claim was based upon an alleged appropriation of assets to her made by the assignor before the assignment.

2. An assignor for the benefit of creditors in the deed reserved his exemption, but made no claim at the time of the inventory and appraisement. A dower mortgage, in which the assignor had an interest, was subsequently collected by legal process, and the assignor claimed his exemption from this fund. By direction of the Court the moneys representing his interest were paid to the assignee, with the understanding that the assignee should claim credit in his account for the $300 exemption. *Held,* that this sum of $300 was attachable in the hands of the assignee, under an execution issued by a judgment creditor of the assignor upon a judgment in which was a waiver of the exemption.

Before SHARSWOOD, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. MERCUR, J., absent.

Appeal from the decree of the Court of Common Pleas of *Montgomery County,* confirming the report of an auditor making distribution of the balance in the hands of George Wolf, assignee of the estate of Jacob H. Dewees.

The assignee filed an account, showing a balance on hand of $981.53, which was referred to Aaron S. Schwartz, as auditor, to distribute.

Before the auditor a claim was made on behalf of Mrs. Mary E. Slater, in which the facts as found by him were as follows:

Mary Dewees, the mother of Jacob H. Dewees, died some time before his assignment was made. Soon after her death, and before the assignment, the children of Mrs. Dewees agreed to pay each his portion of her funeral expenses. Jacob had no present means to pay his share, and Mary E. Slater agreed to pay for him. Whether she paid the $120 before or after the assignment does not clearly appear, nor is Jacob's evidence free from contradiction as to what agreement was made to secure Mrs. Slater for this payment of $120. First, in answer to a leading question, he states there